| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
| ROBERT RODRÍGUEZ SANFELIZ<br><br>Recurrido<br><br><br>VS.<br><br><br>RAYMOND RODRÍGUEZ SANFELIZ<br><br>Peticionario | KLCE202500430 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Municipal de Bayamón<br><br>Caso Núm. BYL2842025-08263<br><br>Sobre: Ley Núm. 284-1999, Ley Contra el Acecho en Puerto Rico, según enmendada por la Ley Núm. 44-2016 |

Panel integrado por su presidenta, la Juez Grana Martínez, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.[1]

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de octubre de 2025.

Comparece la parte peticionaria, el señor Raymond Rodríguez Sanfeliz, solicita la revocación de la Orden de Protección expedida el 21 de marzo de 2025 por el Tribunal de Primera Instancia en su contra, al amparo de la Ley Contra el Acecho en Puerto Rico.

Por los fundamentos en esta resolución, *denegamos* la expedición del auto solicitado.

### -I-

El 21 de marzo de 2025, el tribunal concedió a la parte recurrida, el señor Robert R. Rodríguez Sanfeliz una *Orden de Protección* contra la parte peticionaria, al amparo de la *Ley Contra el Acecho en Puerto Rico*, Ley Núm. 284-1999, 33 LPRA sec. 4013 *et seq*. Según la orden, la parte peticionaria recibió una copia de la orden el 21 de marzo de 2025, cuya vigencia es desde la fecha de

---

[1] Mediante la OATA-2025-070 del 9 de mayo de 2025, se designó a la Hon. Grace M. Grana Martínez para entender y votar en el caso de epígrafe en sustitución del Hon. Abelardo Bermúdez Torres.

expedición hasta el 21 de marzo de 2026. Antes de expedir la orden, el tribunal celebró varias vistas en la cuales escuchó el parecer de las partes sobre la petición, el testimonio de la parte recurrida, el testimonio de la progenitora de ambos y del Departamento de la Familia. En consideración a la prueba recibida el tribunal decidió emitir la orden de protección aquí cuestionada.

Inconforme con el resultado, la parte peticionaria comparece mediante el presente recurso extraordinario, y señala los siguientes errores:

> Erró el Tribunal de Primera Instancia al expedir la Orden de Protección al Amparo de la Ley Contra el Acecho en Puerto Rico, basado en su evaluación de la prueba presentada ante sí, la cual está basada en aseveraciones falsas y difamatorias.

> Erró el Tribunal de Primera Instancia al expedir la Orden de Protección al Amparo de la Ley Contra el Asecho en Puerto Rico, basado en un testimonio de una persona incapacitada mentalmente, lo que la imposibilita [a] testificar.

La parte recurrida también compareció mediante alegato escrito. Procedemos a disponer del presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente y el derecho aplicable.

*-II-*

La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.* Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### -*III*-

En el presente caso, no advertimos que, el Tribunal de Primera Instancia haya abusado de su discreción o actuado de manera parcial, perjudicial o errada al expedir la orden de protección a favor del recurrido. A la luz del expediente, el tribunal recurrido ejerció la discreción de interpretar la evidencia y declaraciones surgidas en la vista judicial. Agregue que, en las actuaciones del foro primario, no detectamos indicio de prejuicio, parcialidad, craso abuso de discreción o error manifiesto. *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019).

En consecuencia, no consideramos que la *orden* recurrida sea contraria a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones. Finalmente, tampoco encontramos otra situación, al amparo de los restantes criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, que justifique la expedición del auto solicitado.

## -*IV*-

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, *denegamos* la expedición del auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones